## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ELLEN F. RATNER<br>    25 Central Park West 10V<br>    New York, New York 10023 | ) ) ) ) | |
| | ) ) | |
| and | ) | |
| | ) | |
| TODD W. STUMP<br>    1660 N. LaSalle Street, Suite 2401<br>    Chicago, Illinois  60614 | ) ) ) ) | |
| | ) ) | |
| and | ) | |
| | ) | |
| TMN, Inc.<br>    300 New Jersey Avenue, N.W.<br>    Washington, D.C.  20001 | ) ) ) ) | |
| | ) | |
| Plaintiffs, | ) ) | Case No. 18-164 |
| | ) | |
| v. | ) ) | |
| | ) | |
| SHELLY KAPOOR COLLINS<br>    950 Battery Street<br>    San Francisco, California  94111 | ) ) ) ) | |
| | ) ) | |
| and | ) | |
| | ) | |
| THE SHATTER FUND, L.P.<br>    950 Battery Street<br>    San Francisco, California  94111, | ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT AND FOR DAMAGES

Defendants claim that plaintiff Ellen F. Ratner ("Ms. Ratner") promised to transfer to one or both of them forty-nine percent of her one-hundred percent stock ownership in TMN, Inc. ("TMN"), a Delaware corporation, whose principal place of business is located in Washington, D.C.  Ms. Ratner insists that there was no such promise.  She brings this action pursuant to 28

USC §2201 to obtain a declaratory judgment concerning the rights and legal relationships of the parties regarding the TMN shares. More specifically, Ms. Ratner seeks a declaration that she never made a binding promise or otherwise is obligated to transfer her shares to one of the defendants. In addition, because Ms. Ratner has given plaintiff Todd W. Stump ("Mr. Stump") an option to purchase a portion of her TMN shares, and defendants' claim has interfered and continues to tortiously interfere with that transaction, Ms. Ratner and Mr. Stump seek equitable relief and damages for the loss the interference has caused. In addition, TMN has suffered damages as a result of the litigation threatened by the defendants as their threats have jeopardized business opportunities available to TMN.

## THE PARTIES

1.      Ms. Ratner, whose address is stated above, is a citizen of New York.

2.      Mr. Stump, whose address is stated above, is a citizen of Illinois.

3.      TMN, whose address is stated above, is a Delaware corporation with its principal place of business in the District of Columbia.

4.      Defendant Shelly Kapoor Collins ("Ms. Collins"), whose address is stated above, is a citizen of California.

5.      Defendant Shatter Fund, L.P. ("the Shatter Fund") is a venture capital fund organized by Ms. Collins that is based in San Francisco, California. On information and belief, the Shatter Fund is a limited partnership, and none of its partners is a citizen of Illinois, New York, Delaware or the District of Columbia.

2

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction over this matter pursuant to 28 USC §1332, in that complete diversity of citizenship exists between plaintiffs and defendants, and the amount in controversy is greater than $75,000 exclusive of interest and costs.

7.     Venue is proper in this District pursuant to 28 USC §1391(b)(2) since a substantial part of the events giving rise to this litigation occurred here and because TMN has its principal place of business in the District of Columbia.

8.     In personam jurisdiction is present under D.C. Code §13-423 in that this action arises out of business the defendants transacted in the District of Columbia and /or arises from tortious injury resulting in the District of Columbia from an act that defendants caused to be performed here.

## FACTUAL ALLEGATIONS

9.     Ms. Ratner is a well-known journalist who formed her own Washington, D.C. based media business in 1993.  The business provides news feeds to talk radio stations around the country and supplies individuals, including Ms. Ratner, for talk show hosts to interview on those stations.  Ms. Ratner and her colleagues report from (and have radio booths at) the White House, the Senate, the House of Representatives and the United Nations.  Since late 2015 or early 2016, the business has operated as TMN, Inc.  TMN, Inc. is a Delaware corporation, with its principal place of business located at 300 New Jersey Avenue, N.W., Washington, D.C. Ms. Ratner currently owns all the issued and outstanding shares of TMN, Inc.

3

6312143.1

**Ms. Ratner Meets and Becomes Friendly with Ms. Collins, Who Seemingly Wants to Help Her with TMN**

10.     Ms. Collins is a venture capitalist in the field of politics and technology.  She formed the Shatter Fund with a stated goal of investing principally in women-owned businesses in the technology space.

11.     In 2015, Ms. Ratner began searching for investors who would inject capital into her business.

12.     Ms. Ratner met Ms. Collins in 2015 or 2016, and the two quickly became friends. Ms. Collins held herself out to Ms. Ratner as someone who would be willing to invest substantial capital in Ms. Ratner's business on her own and/or through a venture capital fund with which she was associated.  Ms. Ratner came to learn that the fund in question was the Shatter Fund. Ms. Collins also represented that she was capable of bringing other investors to the table.

13.     From 2016 until the end of March 2017, Ms. Collins provided infrequent consulting-type advice to Ms. Ratner and TMN to help the company place itself in a better position to obtain investment capital.  Ms. Collins provided this advice on a voluntary basis, as Ms. Ratner's friend, and without any expectation of or agreement for compensation from Ms. Ratner or from TMN.  During this period, Ms. Collins and Ms. Ratner also discussed the prospect of Ms. Collins formally participating in the business as a senior officer, director and/or as a minority owner in exchange for an investment of funds, but no agreement was reached and no investment ever was made by Ms. Collins.

14.     The discussions between Ms. Ratner and Ms. Collins never produced a binding agreement of any sort.  In fact, in March 2017, Ms. Collins declined Ms. Ratner's request to invest funds to help meet the TMN payroll.  Ms. Collins stated at that time that she had not decided if she wanted to participate in the business, and if she did the form that her participation

6312143.1

would take.  While there was talk of engaging attorneys to draft "papers" to facilitate the discussions concerning the structure and terms of Ms. Collins' potential participation in TMN, no papers were ever prepared or circulated between the parties.  Ms. Collins made it clear in several communications with Ms. Ratner that she would not go forward with an investment or other participation in the business until satisfactory written agreements were reached.

15.    Thereafter, no later than March 2017, Ms. Collins told TMN's CEO and Executive Editor, Timothy Maier, that she could not participate in TMN because doing so would create a conflict of interest for her with the Shatter Fund.  She also told Mr. Maier that she could not be formally associated with TMN, invest in TMN or raise money from other investors for TMN because of a pending lawsuit that Ms. Ratner and TMN were then currently defending against several former alleged "partners" in TMN's business.

16.    Neither Ms. Collins nor the Shatter Fund ever contributed any money to, or invested in, TMN.  Although Ms. Collins had represented that she would be available to provide business consulting advice to TMN, she failed to do so. Ms. Collins also failed to attract any other investors to consider seriously investing in TMN.  In contrast, she and the Shatter Fund falsely stated on the Shatter Fund's website that TMN was one of the Shatter Fund's portfolio companies and that it had actually invested in TMN.  This statement was published without Ms. Ratner's or TMN's permission and without their knowledge.  Ms. Ratner only recently learned that Ms. Collins had made these misrepresentations on the Shatter Fund's website.

17.    Ms. Collins' contacts with TMN and Ms. Ratner became even more sporadic after March 2017.  Ms. Collins had suggested that TMN produce a "Silicon Valley Minute" news update.  Ms. Ratner liked the suggestion and asked Ms. Collins to produce a short video to market the concept.  Ms. Collins said she would do this, but never did.  Ms. Collins did invite

6312143.1

Ms. Ratner to a conference the Shatter Fund was sponsoring in California, promising to use the occasion to introduce Ms. Ratner to high profile individuals who might be interested in investing in TMN. Ms. Ratner attended the conference, but there were no such introductions.

**Mr. Stump Obtains an Option to Purchase a Portion of Ms. Ratner's TMN Shares**

18.    Mr. Stump is an entrepreneur and media consultant with over twenty years of professional experience.

19.    In June 2017, Mr. Stump expressed interest in acquiring a portion of Ms. Ratner's TMN stock. Having realized that Ms. Collins had lost interest in participating in TMN, on or about June 16, 2017, Ms. Ratner entered into an agreement with Mr. Stump (the "Letter Agreement") that gave Mr. Stump or an entity he would form an option to acquire a portion of Ms. Ratner's shares for a stated price substantially in excess of $75,000.

20.    The Letter Agreement called for a "Due Diligence Period" beginning July 1, 2017 and ending on September 30, 2017 to enable resolution of certain claims that had been asserted against Ms. Ratner and TMN. Beginning in July 2017 and continuing to the present, Mr. Stump and his hired professional consultants have performed substantial services for TMN to ensure its continued vitality and to develop opportunities that would expand TMN's reach and profitability. The option granted to Mr. Stump was to be exercised on or before the conclusion of the Due Diligence Period, and the transaction was to be closed no later than December 31, 2017. Between October 1, 2017 and the closing, the option holder would have the sole responsibility to fund TMN's cash shortfalls.

21.    Pursuant to the Letter Agreement, with agreed extensions, Mr. Stump has performed or arranged for others to perform the promised services for TMN. In fact, even though the closing date has been extended and the option has not yet closed due to Ms. Collins'

6

tortious interference with the Letter Agreement, Mr. Stump has continued to make substantial time, financial and managerial contributions to TMN's business.

22.     In July 2017, Timothy Maier sent an email to Ms. Collins, informing her that TMN had engaged with someone from Chicago who was "helping our company out [and] who have been trying to reach you." Mr. Stump was the referenced "someone from Chicago." The help to which Mr. Maier referred included the services the Letter Agreement required during the "Due Diligence Period." Ms. Collins replied to Mr. Maier that she was traveling to raise money for her own venture fund and that this was "taking up all her time." Ms. Collins declined the opportunity to participate with Mr. Stump, to invest or procure funds for TMN or to participate in aiding the business, despite her earlier offers to do so.

23.     Ms. Collins did not engage in any substantive contact with Ms. Ratner or TMN between July, 2017 and late December 2017.

**Ms. Collins' Threats Against Ms. Ratner, Mr. Stump and TMN**

24.     Claiming that she had only learned in late December that there was an agreement involving Mr. Stump and Ms. Ratner for the acquisition of a portion of Ms. Ratner's TMN shares, and knowing that she had no agreement with Ms. Ratner to acquire any of her TMN shares, Ms. Collins caused her lawyer to write to Ms. Ratner and Mr. Stump making the false claim that she had a binding agreement to acquire forty-nine percent of TMN's shares. Ms. Collins threatened to file litigation in this Court against TMN and Mr. Stump if Ms. Ratner failed to succumb to her demand for an interest in TMN. Ms. Collins caused this threatening letter to be sent to Ms. Ratner and Mr. Stump at TMN's business address in the District of Columbia. The threat was intended to thwart Mr. Stump's acquisition of the agreed portion of Ms. Ratner's shares in TMN.

6312143.1

25.     At all material times, Ms. Collins was acting for herself and for the Shatter Fund as its authorized agent as manifested by the false assertion on the Shatter Fund website that it had invested in TMN.

26.     As a result of defendants' tortious interference, the Ratner-Stump transaction is in jeopardy, although both Ms. Ratner and Mr. Stump remain committed to proceed with the transaction once the threat of Ms. Collins' specious claim is removed. Ms. Ratner, TMN and Mr. Stump have already suffered damage as a result of defendants' wrongful conduct, including delay in the completion of the option transaction, and an inability to consummate certain prospective business relationships developed by Mr. Stump, between TMN and third parties that would, if accomplished, enhance the value of the TMN business and the ownership interests in the business of Ms. Ratner and Mr. Stump.

## FIRST COUNT
### Declaratory Judgment
### Plaintiffs Ratner and Stump v. Both Defendants

27.     Paragraphs 1-26 of this Complaint are hereby incorporated in and made part of this First Count.

28.     There is an actual controversy of a judicial nature between Ms. Ratner and Mr. Stump, on the one hand, and Ms. Collins and the Shatter Fund, on the other, involving their respective rights and obligations with respect to ownership of TMN.

29.     Ms. Ratner and Mr. Stump seek a declaration that that neither Ms. Collins nor the Shatter Fund have a contract or any other right to acquire any of Ms. Ratner's TMN shares.

30.     All parties with an interest in the subject matter of this declaratory judgment action have been made parties to this case.

6312143.1

## SECOND COUNT
### Tortious Interference
### Plaintiffs Ratner, Stump and TMN v. Both Defendants

31.     Paragraphs 1-26 of the Complaint are hereby incorporated in and made a part of this Second Count.

32.     By virtue of the Letter Agreement as extended, Mr. Stump and Ms. Ratner have a contract, and/or a judicially cognizable expectancy, to consummate the transaction described in the Letter Agreement, as extended, and to allow Mr. Stump to acquire a portion of Ms. Ratner's TMN stock, which, if realized would benefit Ms. Ratner, Mr. Stump and TMN by increasing the capitalization of the business by infusing cash into the business and by facilitating significant business relationships between TMN and certain third parties that would enhance TMN's revenues and profitability.

33.     By virtue of the conduct described above, Ms. Collins and the Shatter Fund have intentionally, knowingly and without justification tortuously interfered with the agreement between Ms. Ratner and Mr. Stump, and have jeopardized and interfered with TMN's business opportunities and the value of that business to its shareholders.

34.     Ms. Ratner, Mr. Stump and TMN have already been damaged by the loss or deferral of business opportunities that would have been accomplished for TMN in the absence of Ms. Collins' baseless threats.   Unless the defendants are restrained from future acts of interference, Plaintiffs will continue to suffer damages in the form of lost business opportunities which will diminish the value of TMN.

6312143.1

## THIRD COUNT
### Tortious Interference
### Plaintiff Stump v. Both Defendants

35.     Paragraphs 1-26 of the Complaint are hereby incorporated in and made a part of this Third Count.

36.     By virtue of the Letter Agreement as extended, Mr. Stump had a contract, and/or a judicially cognizable expectancy, to consummate his transaction with Ms. Ratner or to have his designated entity consummate that transaction with her, and become the owner of TMN shares.

37.     But for the interference with his rights under the Letter Agreement resulting from Ms. Collins' threatening conduct, Mr. Stump would proceed with the option to purchase a portion of Ms. Ratner's shares in TMN in the manner contemplated by the Letter Agreement, as extended.

38.     By virtue of the conduct described above, Ms. Collins and the Fund have intentionally, knowingly and without justification interfered with the referenced contract/business expectancy.

39.     Mr. Stump has already been damaged by Ms. Collins' interference with his contractual rights and business opportunities because he has invested funds, performed services and engaged in other efforts in contemplation of acquiring an ownership interest in the TMN business but he has been unable to attain his anticipated ownership interest because of defendants' threatening conduct.   Unless the defendants are restrained from future acts of interference, Mr. Stump will continue to suffer damages, and those damages will be irreparable and for which he has no adequate remedy at law.

6312143.1

40.     Mr. Stump is entitled to be compensated for the damages he has already suffered and to an order from this Court preventing Ms. Collins and the Shatter Fund from persisting with their threatening conduct.

**WHEREFORE**, Plaintiffs seek the following relief:

A.     Ms. Ratner and Mr. Stump request that the Court declare that neither Ms. Collins, nor the Shatter Fund, has any right to acquire any of Ms. Ratner's TMN shares and that neither defendant has any equitable or other interest in TMN, Inc.

B.     Ms. Ratner, Mr. Stump and TMN each demand an award of compensatory damages on account of the defendants' tortious interference in an amount in excess of $75,000, which amount shall be established at trial.

C.     Ms. Ratner, Mr. Stump and TMN ask the Court to enjoin the defendants from engaging in further wrongful acts that interfere with their transaction and with the future business opportunities of TMN.

D.     Ms. Ratner, Mr. Stump and TMN request such other and further relief, including an award of their costs and attorneys' fees incurred in this action, as may be just and proper.

January 26, 2018

Peter R. Kolker (DC Bar #25478)
William J. Murphy (DC Bar #350371)
Zuckerman Spaeder, LLP
1800 M Street, N.W.
Washington, D.C.  20036
Phone: (202) 778-1800
pkolker@zuckerman.com
wmurphy@zuckerman.com

*Counsel for Plaintiffs*

11

OF COUNSEL

Richard C. Robinson (ct 04321)
Pullman & Comley LLC
90 State House Square
Hartford, CT 06103-3702
T: 860 541 3333
F: 860 424 4370
*rrobinson@pullcom.com*

*For Plaintiffs Ellen F. Ratner and TMN, Inc.*

Karl W. Roth (IL. Bar No, 6275808)
William F. Foley (IL. Bar No. 6294672)
ROTH LAW GROUP
150 N. Michigan Ave., Ste. 800
Chicago, IL 60601
T: 312 419 9599
F: 312 419 9559
*kwr@rothlawgroup.com*

*For Plaintiff Todd W. Stump*

6312143.1